UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

No. 5:05-CR-204-006 (FJS)

v.

JAI BETSY-JONES,

        Defendant.

CARL EURENIUS, Ass't U.S. Att'y, for the United States
COURTENAY K. MCKEON, Ass't Fed. Public Defender, for Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

    Defendant Jai Betsy-Jones has challenged proposed modifications of the conditions of his supervised release, following his recent release from custody. On April 17, 2017, Senior District Judge Frederick J. Scullin, Jr. referred the matter to me, to issue a Report-Recommendation as to whether the modifications should be imposed. (Dkt. No. 260). On April 28, 2017, I conducted a hearing so that defendant, with the assistance of appointed counsel, could be heard with respect to his objections to the proposed modifications and could present any information in mitigation, pursuant to Fed. R. Crim. P. 32.1(c)(1). Based on the record in this case and the information presented during the hearing, and for the reasons stated below, this Court recommends that Judge Scullin impose the proposed modifications of the defendant's conditions of supervised release notwithstanding his objections.

**I.     BACKGROUND**

According to the Presentence Investigation Report, the defendant was a street-level dealer for an organization which distributed multi-kilogram quantities of cocaine and crack cocaine in Syracuse, New York between and including December 2003 and April 2004.  On December 21, 2005, defendant pled guilty to a felony narcotics conspiracy charge.  On April 17, 2007, Judge Scullin sentenced defendant to 136 months of imprisonment and five years of supervised release.  His supervised release term started on February 24, 2017.

On February 24 and March 13, 2017, Senior Probation Officer Liana Snyder reviewed, with the defendant, the two following additions to the conditions of his supervised release:

> 1. You shall provide the probation officer with access to any requested financial information.
>
> 2. You shall submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

The defendant declined to consent to the proposed modifications and invoked his right to a hearing.

## II. GENERALLY APPLICABLE LAW

"A court 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release' after considering certain sentencing factors outlined in 18 U.S.C. § 3553(a)." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (citing 18 U.S.C. § 3583(e)(2)). "So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *Id.* (collecting cases). A defendant objecting to a modification of the conditions of his supervised release that are not favorable to him is entitled to a hearing, with the assistance of counsel. *Id.* at 349; Fed. R. Civ. P. 32.1(c).

A court may impose new, discretionary conditions of supervised release in addition to the usual general conditions, so long as they are "reasonably related" to:

> (A) 'the nature and circumstances of the offense and the history and characteristics of the defendant'; (B) 'the need for the sentence imposed to afford adequate deterrence to criminal conduct'; (C) the protection of the public; and (D) the rehabilitative and medical care needs of the defendant.

*Parisi*, 821 F.3d at 348 (citing, *inter alia*, U.S. Sentencing Guidelines Manual § 5D1.3(b)). The condition "must also involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of sentencing, and it must be 'consistent with any pertinent policy statements' in the Guidelines." *Id.* (citing, *inter alia*, 18 U.S.C. § 3583(d)).

3

## III. ANALYSIS

### A. Condition to Disclose Requested Financial Information

The defendant in this case was not ordered to pay a fine or restitution and was not convicted of an economic crime, which arguably would make financial conditions, like the one defendant declined to accept, inappropriate or unnecessary. However, the Presentence Investigation Report ("PSIR") documents that the defendant has an extensive criminal history related to drug use and trafficking, including two felony convictions and one felony for which defendant was adjudicated a Youthful Offender. The PSIR also indicates that, through the time of his arrest on the underlying charges in this case in May 2005, the defendant had no significant legitimate employment history. Thus allowing the Probation Officer to request and obtain financial information reasonably would allow her to monitor whether the defendant was supporting himself by returning to illegal drug dealing.

The Second Circuit in *United States v. Brown*, 402 F.3d 133 (2d Cir. 2005) upheld the special condition that a drug defendant supply his Probation Officer with requested financial information under essentially the same circumstances that exist in this case. The appellate court in *Brown* acknowledged that such financial conditions are more often imposed in cases where a defendant has outstanding financial obligations imposed as part of his sentence. *Id.* at 137. However, defendant Brown, like the defendant in this case, had a history which suggested he supported himself almost exclusively through drug dealing, and not legitimate employment. *Id.* "In light

4

of his history, the Probation Office needs effective monitoring tools to ensure that [defendant] does not return to drug dealing after his release from prison." *Id*. The condition that requires the defendant to provide requested financial information "stems directly from his criminal and employment history. Relatedly, monitoring [defendant's] finances will also serve to protect the public from 'further crimes of the defendant.'" *Brown*, 402 F.3d at 137 (citing 18 U.S.C. § 3553(a)(2)(C)).

Moreover, as in *Brown*, the financial disclosure condition to be imposed on the defendant is not "a greater deprivation of his liberty than reasonably necessary" but is properly "tailored . . . to the facts of this case involving a drug-dealer defendant dependent on his criminal ways for his economic livelihood." *Id.* at 138. Indeed, the court in *Brown* held that a more stringent financial condition, that the defendant not incur any debt, including the use of existing credit cards, without obtaining prior approval from the Probation Office, was a unreasonable deprivation under the circumstances and struck that condition. *Id*. at 138-39.

Here, as in *Brown*, the financial disclosure condition is reasonably related to the defendant's individual circumstances, serves the goals of deterrence and protection of the public, and is narrowly tailored to avoid an undue deprivation of liberty. Accordingly, the court recommends that Judge Scullin impose this additional condition of supervised release over defendant's objection.

## B. Search Condition

While between the ages of 17 and 22, the defendant was convicted seven times and arrested eleven additional times for drug possession or dealing. This criminal history indicates defendant's inability or unwillingness to refrain from illegal involvement with drug use and trafficking, except perhaps while incarcerated, notwithstanding continual intervention of the criminal justice system. A discretionary condition authorizing Probation to search defendant's person, property, or electronic devices, upon reasonable suspicion, is clearly related to the defendant's criminal and personal history and serves the goal of deterring his involvement in further drug offenses and protecting the public from drug trafficking activity. The requirement that any search be justified by reasonable suspicion ensures that the condition does not create a deprivation of liberty greater than required to serve legitimate sentencing purposes.

"Courts have repeatedly held that enforcing the conditions of probation or supervised release is a weighty government interest that in certain circumstances justifies an exception to the warrant and probable cause requirements." *United States v. Chandler*, 164 F. Supp. 3d 368, 377-78 (E.D.N.Y. 2016) (citing *Griffin v. Wisconsin*, 483 U.S. 868, 873-74, 877-78 (1987) (balancing the state's special needs in the operation of its probation system against a probationer's diminished right to privacy, the Court found that the "replacement of the standard of probable cause by 'reasonable grounds,'" in Wisconsin's probation search regulations, was justified);

*United States v. Knights*, 534 U.S. 112, 118-120, 122 (2001) ("the warrantless search of [the defendant], supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment"); *United States v. Reyes*, 283 F.3d 446, 462 (2d Cir. 2002) ("[t]he probable cause requirements of the Fourth Amendment do not apply to a federal probation officer conducting a home visit . . . pursuant to a convicted offender's conditions of supervised release")). Thus, it is clear that the proposed search condition in this case does not violate the defendant's Fourth Amendment rights.

The Second Circuit has explicitly approved the modification of conditions of supervised release to include the same search condition proposed in this case in the context of sex offenders. *United States v. Parisi*, 821 F.3d at 346, 348-49; *United States v. Zielinski*, 511 F. App'x 112, 116 (2d Cir. 2013). Our Circuit has also approved similar search conditions involving other types of federal offenses. *See, e.g., United States v. White*, 571 F. App'x 20, 25 (2d Cir. 2014) (approving, over the objection of a defendant convicted of fraud charges, a condition that she submit to searches based on reasonable suspicion). While this court has not found cases from this Circuit approving, over a defendant's objection, this search condition in the context of a narcotics offender, many cases indicate that such search conditions are frequently imposed in drug cases without objection or with a defendant's consent. *See, e.g., United States v. Brown*, 402 F.3d at 136; *United States v. Chandler*, 164 F. Supp. 3d at 372; *United States v. Muhammad*, 903 F. Supp. 2d 132, 135 (E.D.N.Y.

7

2012); *United States v. Washington*, No. 12 CR 146, 2012 WL 5438909, at *1 (S.D.N.Y. Nov. 7, 2012).

Courts in other circuits have, in the context of narcotics convictions, explicitly approved the imposition of search conditions similar to the one proposed here. *See, e.g.*, *United States v. Johnson*, 542 F. App'x 516, 519-21 (7th Cir. 2013) ("the district court had a reasonable basis for concluding that a search condition is necessary to deter Johnson and protect the public" given, *inter alia*, his "long history of drug-related crimes")[1]; *United States v. Purdom*, 594 F. App'x 83, 86-87 (3d Cir. 2014) ("Based on the District Court's evident and understandable concern that Purdom would once again begin selling drugs while on supervised release, the search condition satisfies the 'reasonably related' requirement"); *United States v. Winston*, 850 F.3d 377, 378-89, 380-81 (8th Cir. 2017) (district court did not commit plain error in finding that the search condition imposed on a narcotics offender was reasonably related to his offenses and criminal history, did not involve a greater deprivation of

---

[1] The defendant in *Johnson* objected particularly to the aspect of the supervised release condition that allowed the search of his electronic devices–a provision included in the proposed search condition in this case. In rejecting that objection, the Seventh Circuit noted that the condition was limited to searches based on reasonable suspicion. The Court also observed: "[I]t is easy to envision a relationship between electronic devices and Johnson's offenses and violations, even without evidence that Johnson used electronic devices to commit them. Johnson, for example, had to obtain and sell the drugs he possessed and distributed. Those activities required him to communicate in some manner with suppliers and customers, and electronic devices likely were used." *Id.* at 520. Defendant Betsy-Jones' PSIR indicates that he communicated with at least one co-conspirator over a telephone that was the subject of a court-ordered wiretap. So, there is some direct evidence in this case that the defendant has used electronic devices in connection with his drug dealing activities.

8

liberty than necessary, and did not conflict with any pertinent policy statements).[2] Based on this authority from the Second Circuit and other Circuits, the court recommends that Judge Scullin impose the search condition proposed in this case notwithstanding defendant's objection.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the conditions of defendant's supervised release be modified to add the two following conditions:

    1. You shall provide the probation officer with access to any requested financial information.

    2. You shall submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

---

[2] *Winston* is one of several cases the court reviewed which rejected the argument that warrantless search conditions were appropriate only in the context of sex offenses because § 5D1.3(d)(7)(C) of the U.S. Sentencing Guidelines explicitly recommends a reasonable-suspicion search condition for sex offenders on supervised release. *Id*. at 380; *United States v. Neal*, 810 F.3d 512, 520-21 (7th Cir. 2016) ("[W]hile the Sentencing Commission recommends that persons convicted of sex offenses against minors always be subject to a special condition permitting warrantless searches, . . ., the Commission has also said that the same condition 'may otherwise be appropriate in particular cases.'") (quoting U.S.S.G. § 5D1.3(d)); *United States v. Fornes*, 665 F. App'x 615, 616-17 (9th Cir. 2016) (defendant "mischaracterizes the Sentencing Commission's policy statement as implying that suspicionless search conditions should only be imposed on sex offenders").

fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human -Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1).

Dated: April , 2017

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge